**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States, | ) | No. CR 05-1127-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Paul Richard Butts, | ) | |
| Defendant. | ) | |

Pending before the Court is the government's Motion to Reconsider (Doc. 48) the Court's June 23, 2006 Order granting Defendant's Motion to Compel Disclosure and Protective Order. In its Motion to Reconsider, the government indicates that the "Adam Walsh Child Protection and Safety Act of 2006," Public Law 109-248, H.R. 4472, effective July 27, 2006 – codified as 18 U.S.C. § 3509(m) – resolves in favor of the government the discovery issue presented in Defendant's Motion to Compel.

18 U.S.C. § 3509(m) states as follows:

Prohibition on Reproduction of Child Pornography-

(1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) must remain in the care, custody, and control of either the Government or the court.

(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or

material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

Defendant has filed a Response arguing that 18 U.S.C. § 3509(m) violates his rights to due process and effective assistance of counsel, protections against ex post facto laws, and the requirement of separation of powers.

DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that because of the voluminous amount of evidence contained on the hard drive and "loose media" ("nearly a terabyte of material") at issue in this case, it is not reasonable for defense expert witness, Lonnie Dworkin, to index, examine, and analyze the large amount of material "as a visitor at government offices and on government schedules." Defendant asserts that the defense witness should be allowed to access the evidence at his own laboratory, which is adequate and includes a biometric security system.

Defendant provides a lengthy description of the difficulties that accessing the evidence at the government offices would entail – leading to a violation of Defendant's right to due process and effective assistance of counsel. Defendant's concerns include the need to have Internet access during the analysis process; the strained ability to apply the requisite Forensic Tool Kit to the evidence – which requires 6 to 7 weeks to perform; concerns about protecting privileged work product; concerns about limited mobility while at the government facility; concerns about requiring Mr. Dworkin to leave his laptop at the government facility throughout the analysis process; and concerns about interruptions during the analysis process.

To address any due process or effective assistance of counsel issues, the government is willing to provide an empty office in which expert defense witness Mr. Dworkin can run his computer "24/7." The government has assured Defendant and the Court that this office will be locked at all times and has offered to secure a court order for the door which would restrict access to the room, thereby protecting defense counsel's hardware and work product. The government has also made assurances that Mr. Dworkin can access the office whenever the government facility is open; can use his cell phone while working in the government-supplied office; can have a locking safe in which to store his computer and equipment when away from the facility; and can have access to the Internet while working at the facility.

When determining whether material is reasonably available to a defendant, the applicable standard does not consider expense or location as relevant factors. Rather, the law states that,

> property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m). There is no indication that the government will not meet this standard. In fact, the government has indicated that it intends to comply with this directive. The government has indicated that Mr. Dworkin shall have reasonable access, so as to alleviate any potential due process or effective assistance of counsel issues. To ensure the government's compliance with the required standard, the Court hereby Orders that the government shall supply Mr. Dworkin with all of the above-mentioned accommodations. With these procedural guidelines in place, the Court does not find compelling Defendant's argument that 18 U.S.C. § 3509(m) violates Defendant's rights to due process and effective assistance of counsel.

///

///

EX POST FACTO LAWS

Defendant argues that the Court's Order predates the new Adam Walsh legislation. He claims that applying the legislation retroactively would violate "Article 10, § 9(3)" [sic], which restrict ex post facto laws.

The United States Constitution prohibits the passage of ex post facto laws. U.S. Const. art. I, § 9, cl. 3 ("No . . . ex post facto Law shall be passed."). A law violates the Ex Post Facto Clause only if it (1) punishes as a crime an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a defendant of a defense available at the time the act was committed. Collins v. Youngblood, 497 U.S. 37, 52, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). "Ex post facto principles do not bar retroactive application of procedural changes when the effect of the change upon a petitioner's actual punishment is only speculative and could not be known with certainty." Johnson v. Gomez, 92 F.3d 964, 965 (9th Cir.1996) (citing California Dep't of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)).

The ex post facto doctrine does not apply in this case because 18 U.S.C. § 3509(m) does not serve to punish Defendant for an act that was not a crime when allegedly performed; nor does the punishment greater for a crime committed before the law's enactment. Lastly, 18 U.S.C. § 3509(m) does not deprive Defendant of a defense available before it's enactment. A law does not violate the ex post facto doctrine simply by making it less convenient for the defense to perform its discovery functions. Thus, Defendant is not protected by the ex post facto doctrine.

RETROACTIVE APPLICATION

During the course of oral argument, Defendant indicated that, rather than arguing that the Adam Walsh legislation violated his rights against ex post facto laws as he asserted in his written Response, Defendant intended to argue that the Adam Walsh legislation may not be applied retroactively to reverse the Court's June 23, 2006 Protective Order granting

1 Defendant's request for a mirror image of the hard drives at issue in this case. The Court
2 does not agree.

3 The law's July 27, 2006 effective date took place during the pendency of this case.
4 In fact, the effective date coincided with the initial stages of discovery and before the parties
5 have filed pretrial motions. There is nothing in the wording of 18 U.S.C. § 3509(m) that
6 would restrict its application to the ongoing discovery in this case.

7 Defendant argues that this issue is presently before the Court because the government
8 did not supply the hard drive mirror image in the time between the Court's June 23, 2006
9 Protective Order and the July 27, 2006 effective date of the Adam Walsh legislation.
10 However, had the government supplied the hard drive to Defendant before 18 U.S.C. §
11 3509(m) became law, the government nevertheless could have moved for the Court to
12 reconsider the June 23, 2006 Protective Order, just as it did. Therefore, the Court is not
13 compelled by Defendant's argument.

14 SEPARATION OF POWERS

15 Defendant asserts that the new Adam Walsh legislation violates separation of powers
16 guarantees because Congress has defined "reasonable access" in all cases without knowing
17 the specific facts in any one case. Defendant claims that the present discovery issue is not
18 simply a police report or a witness statement but, rather, the hard drive is the crime itself.
19 The date on the drive is the substance of the crime, the substance of the intent, and the
20 substance of the defense. Defendant concludes that the Court, not Congress, has the
21 authority to define the parameters of due process and other constitutional rights in the context
22 of any particular set of facts.

23 The government states that 18 U.S.C. § 3509(m)(2)(A) does not require a court to
24 deny automatically any discovery motion placed before it. Rather, the legislation states that
25 a court shall deny a discovery motion "so long as the Government makes the property or
26 material reasonably available to the defendant." 18 U.S.C. § 3509(m)(2)(A).

27
28

1  The new legislation does not impose a mandate on the Court. The Court maintains
2 discretion as to whether to grant or deny the government's request to deny a discovery
3 request depending on the reasonable availability of the materials. Therefore, the Court finds
4 that there is no violation of separation of powers with regard to the newly enacted Adam
5 Walsh legislation, 18 U.S.C. § 3509(m).

6 CONCLUSION

7  In light of this new law, the Court's Order compelling the government disclose to the
8 Defendant mirror image copies of the hard drives and storage media seized from the
9 Defendant must be vacated.

10  **Accordingly,**

11  **IT IS ORDERED** that the government's Motion for Reconsideration (Doc. 48) is
12 granted.

13  **IT IS FURTHER ORDERED** that, in light of the new law, the Court's June 23, 2006
14 Order granting Defendant's Motion to Compel (Doc. 43), is vacated.

15  **IT IS FURTHER ORDERED** that Defendant's Motion to Compel (Doc. 21) is
16 denied.

17  DATED this 6th day of December, 2006.

Mary H. Murguia
United States District Judge

- 6 -