IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States, | ) | No. CR 05-1127-PHX-MHM |
|     Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Paul Richard Butts, | ) ) ) | |
|     Defendant. | ) ) ) | |
| _____ | ) | |

Presently pending before the Court is Defendant's Motion for Reconsideration of the Court's Order denying his Motion to Stay the Proceedings Pending Defendant's Interlocutory Appeal (Doc. 101). The Court directed a Response and the government has filed a Response (Doc.103).

BACKGROUND

Defendant has been charged with knowingly promoting, presenting, distributing or soliciting, in interstate commerce, by any means, including a computer, material depicting child pornography, in violation of 18 USC §§ 2252A(a)(3) and 2256 (Count 1), and knowingly possessing a computer disk or other material, that is, hard drive, that contained an image of child pornography that had been mailed, shipped and transported in interstate

1 commerce, by any means, including a computer, in violation of 18 USC §§ 2252A(a)(5)(B)
2 and 2256 (Count 2).

3 On December 11, 2006, the Court granted the government's Motion for
4 Reconsideration of the Court's February 13, 2006 Order (Doc. 84), thereby denying
5 Defendant's Motion for mirror images of computer hard drives and data CDs at issue in this
6 case. The Court granted reconsideration in light of the newly-enacted Adam Walsh
7 legislation, which mandates that child pornography in a criminal prosecution remain in the
8 possession of the government and such child pornography may not be copied and disclosed
9 to a defendant. The Court's December 11, 2006 Order established guidelines to ensure that
10 the government provide the defense expert reasonable access to the relevant computer hard
11 drives and data CDs.

12 On December 20, 2006, the Defendant filed a Notice of Interlocutory Appeal with the
13 Ninth Circuit (Doc 89) challenging the constitutionality of the Adam Walsh legislation. On
14 January 16, 2006, Defendant filed a Motion to Stay the Proceedings in this Court Pending
15 a Determination on his Interlocutory Appeal (Doc. 95). The Court issued a written Order on
16 January 29, 2007, that denied Defendant's Motion to Stay the Proceedings Pending
17 Defendant's Interlocutory Appeal. Defendant moves the Court to reconsider it's denial of his
18 Motion to Stay.

19 LEGAL STANDARD

20 Motions for reconsideration are disfavored and only appropriate if the court "(1) is
21 presented with newly discovered evidence, (2) committed clear error or the initial decision
22 was manifestly unjust, or (3) if there is an intervening change in controlling law." School
23 Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert.
24 denied,114 S.Ct. 2742 (1994). Motions for Reconsideration are not the place for parties to
25 make new arguments not raised in their original briefs. See Collins v. D.R. Horton, Inc., 252
26 F.Supp.2d 936, 938 (D.Ariz. 2003) (citing Northwest Acceptance Corp. v. Lynnwood Equip.,
27 Inc., 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what
28

- 2 -

1  it has already thought. Id. (citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116
2  (D.Ariz.1998). Accordingly, courts grant such motions only in rare circumstances. See
3  Sullivan v. Faras-RLS Group, Ltd., 795 F.Supp. 305, 308-09 (D.Ariz.1992).

## DISCUSSION

5  Defendant asserts that the Court's denial of his Motion to Stay must be reversed.
6  Defendant cites United States v. Wright, CR 03-1908-TUC-RCC, a District of Arizona case
7  out of Tucson, which is in a similar procedure posture to the instant case. In Wright, the
8  defendant filed an interlocutory appeal on September 13, 2006 questioning the
9  constitutionality of the Adam Walsh Act. The government filed a motion to dismiss the
10 appeal arguing that Defendant's appeal contains inappropriate subject matter for an
11 interlocutory appeal and that the Ninth Circuit lacks jurisdiction to hear the appeal before the
12 completion of the case at the district court level. The Ninth Circuit denied the government's
13 motion to dismiss and affirmed the briefing schedule. However, the Ninth Circuit directed
14 the government to reassert its lack of jurisdiction argument in its responsive brief.

15 The Ninth Circuit has jurisdiction to hear an interlocutory appeal of an order if the
16 order "(1) conclusively determines the disputed question; (2) resolves an important issue
17 completely separate from the merits of the action; and (3) is effectively unreviewable on
18 appeal from a final judgement." United States v. Pace, 201 F.3d 1116, 1119, 1120 (9th Cir.
19 2000) (internal citations omitted).

20 "In view of the strong policy against piecemeal appeals, interlocutory review of
21 discovery orders is highly disfavored. Discovery orders are not final appealable orders under
22 28 U.S.C. Section 1291, and courts have refused interlocutory review of such orders under
23 the collateral order doctrine." Fauber v. Brown, 175 Fed. Appx. 132 (9th Cir. 2006),
24 citations omitted; See also, United States v. Zone, 403 F.3d 1101, 1006 (9th Cir. 2005)
25 (finding that "discovery decisions are generally not final judgments that may be appealed
26 under 28 U.S.C. Section 1291.").

1     Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). However, the transfer of jurisdiction from a district court to the court of appeals is ineffectual if an appellant appeals an unappealable order. United States v. Garner 663 F.2d 834, 838 (9th Cir. 1981) (citing Ruby v. Secretary of the Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc).

    Here, the Court's Order denied Defendant's discovery request for mirror image copies of computer hard drives and data CDs allegedly containing child pornography pursuant to the newly-enacted Adam Walsh Act. In so denying Defendant's request, the Court ordered the government to provide Defendant's expert reasonable access to the evidence and established guidelines for such access. Defendant has filed an interlocutory appeal challenging the constitutionality of the Adam Walsh Act, namely the way in which the Defendant may access discovery materials.

    In it's January 29, 2007 Order, the Court denied Defendant's Motion to Stay the case pending a determination of his interlocutory appeal for a number of reasons. The Court's December 11, 2006 Order denying the Defendant's expert copies of hard drives and data CDs simply established guidelines by which the government must provide reasonable access to these materials. The Court's Order does not deny Defendant access to any of the discovery he seeks. In other words, Defendant may access any and all of the relevant discovery materials even with the established procedural guidelines.

    Even a reversal of the Court's Order by the Ninth Circuit would not increase the amount of discovery Defendant may access. The only difference a reversal of the Court's Order would make would be to change the *terms* and *method* upon which Defendant may access the discovery materials. As stated above, under 28 U.S.C. § 1291, discovery orders are not final appealable orders. Fauber, 175 Fed. Appx. 132, see also United States v. Zone, 403 F.3d at 1006. Therefore, the Court finds that the issue is not an appropriate issue for an

- 4 -

1 interlocutory appeal because it is not an important issue completely separate from the merits
2 of the action.

3       Defendant's citation to the Wright case is not compelling.  The Ninth Circuit mere
4 denial of the government's motion to dismiss in that case does not mean that the defendant
5 in Wright properly brought his interlocutory appeal.  In fact, the Ninth Circuit indicated that
6 the government should again include it's lack of jurisdiction argument in its responsive
7 briefing.  The Ninth Circuit still could determine that it presently lacks jurisdiction to hear
8 the interlocutory appeal in the similarly-postured Wright case.  The Court also notes that the
9 Wright case has not been stayed pending the outcome of the interlocutory appeal there.

10       Moreover, this Court has discretion to decide whether to grant a motion to stay
11 pending the determination of an interlocutory appeal.  See United States v. Garner, 663 F.2d
12 834, 838 (9th Cir. 1981).  If it appears that an interlocutory appeal is invalid, this Court does
13 not lose jurisdiction over the case and the case may proceed forward in the district court.
14 Id. at 837.

15       Furthermore, in his Motion for Reconsideration Defendant has not presented newly
16 discovered evidence.  School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.  The Court
17 has not committed clear error nor was the initial decision manifestly unjust.  Id.  Finally,
18 there has not been an intervening change in controlling law.  Id.  Therefore, the Court denies
19 Defendant's Motion for Reconsideration of its December 11, 2006 Order denying Defendant's
20 Motion to Stay the Proceedings Pending Defendant's Interlocutory Appeal.

21       In sum, the Court is not persuaded by Defendant's arguments to reverse its decision
22 to deny Defendant's Motion to Stay.  Defendant is not appealing an issue that conclusively
23 determines the disputed question; nor resolves an important issue completely separate from
24 the merits of the action; nor is it effectively unreviewable on appeal from a final judgement.
25 United States v. Pace, 201 F.3d at 1119, 1120.  Defendant has not presented newly
26 discovered evidence; The Court has not committed clear error nor was the initial decision
27 manifestly unjust; finally, there has not been an intervening change in controlling law. School

Dist. No. 1J, Multnomah County, 5 F.3d at 1263.  Therefore, the Court denies Defendant's Motion for Reconsideration of its December 11, 2006 Order denying Defendant's Motion to Stay the Proceedings Pending Defendant's Interlocutory Appeal.

**Accordingly,**

**IT IS ORDERED** that Defendant's Motion for Reconsideration of the Court's December 11, 2006 Order denying Defendant's Motion to Stay the Proceedings Pending Defendant's Interlocutory Appeal(Doc. 99) is denied.

DATED this 14th day of February, 2007.

_____
Mary H. Murguia
United States District Judge